Dear Representative Roan,
¶ 0 This office has received your requests for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. Are Directors of the Oklahoma State Bureau of Investigation ("OSBI") and the Oklahoma State Bureau of Narcotics and Dangerous Drugs Control ("OBNDD") covered positions under the Oklahoma Law Enforcement Retirement System ("OLERS"), 47 O.S. 2001 and Supp. 2002, §§ 2-300 through 2-314, such that they are required to be a part of OLERS rather than OPERS if reemployed by the OSBI or OBNDD on or after July 1, 2003?
 2. May an individual who has retired after having participated in the Deferred Option Plan ("DROP") of OLERS pursuant to 47 O.S. 2001, § 2-305.2[47-2-305.2],[1] be reemployed in an OLERS-covered position, or is he or she required to terminate employment upon retirement and begin collecting in-service distributions?
 3. Pursuant to 2003 Okla. Sess. Laws ch. 199, §§ 13 and 14, (amending 63 O.S. 2001, § 2-103[63-2-103] and 74 O.S. 2001, § 150.6), may a Director of the OSBI or the OBNDD who is appointed on or after July 1, 2003, who participated in OLERS and retired after having participated in DROP pursuant to 47 O.S. 2001, § 2-305.2, be able to participate in the OLERS system again after such retirement, or is he or she required to terminate employment and begin collecting in-service distributions?
 4. If a Director of the OSBI or the OBNDD appointed on or after July 1, 2003, who was a member of OLERS but retired without participating in DROP, becomes reemployed in a position covered under OLERS, does that reemployment require the suspension of the individual's monthly retirement benefit payment by OLERS until the individual is not reemployed in a position covered under OLERS?
 5. Is OLERS required to suspend the monthly retirement benefit payments of a Director of the OSBI or the OBNDD, who was a member of OLERS but retired after having participated in DROP, if that Director becomes reemployed as Director on or after July 1, 2003, and elects in writing to participate in the Oklahoma Public Employees Retirement System ("OPERS")?
 I. Introduction
¶ 1 Your questions concern the eligibility requirements and payment of retirement benefits under the statutes governing the Oklahoma Law Enforcement Retirement System ("OLERS"), 47 O.S. 2001 and Supp. 2002, §§ 2-300 through 2-314, and the Oklahoma Public Employees Retirement System ("OPERS"), 74 O.S. 2001 and Supp. 2002, §§ 901 through 943. Your questions involve an analysis of the provisions of Section 2-305.2 of Title 47 of the Oklahoma Law Enforcement Deferred Option Plan ("DROP"), a plan that allows members of OLERS to elect to continue working for a maximum of five years in lieu of terminating employment and accepting a service retirement pension.
¶ 2 To answer your questions we must examine the effect of recent legislative amendments to the statutes governing OLERS, as well as the amendments to the specific provisions governing the appointment of Directors of the Oklahoma State Bureau of Investigation ("OSBI") and the Oklahoma State Bureau of Narcotics and Dangerous Drugs Control ("OBNDD"). 2003 Okla. Sess. Laws ch. 199, §§ 13, 14 (amending 63 O.S. 2001, § 2-103[63-2-103]; 74 O.S. 2001, §150.6[74-150.6]).
 A. The Oklahoma Law Enforcement Retirement System
¶ 3 OLERS is provided for at 47 O.S. 2001 and Supp. 2002, §§ 2-300 though 2-314. The statutes governing OLERS provide that members of OLERS consist of all law enforcement officers of certain delineated State law enforcement agencies including the OSBI and the OBNDD, who are "designated to perform duties in the investigation and prevention of crime and the enforcement of the criminal laws of this state." 2003 Okla. Sess. Laws ch. 456, § 1(6); 2003 Okla. Sess. Laws ch. 3, § 27(6) (amending 47 O.S. Supp. 2002, § 2-300[47-2-300](6)). Prior to 2003, the section of the statute defining the term "member" read:
 "Member" means all law enforcement officers of the Oklahoma Highway Patrol and the State Capitol Division of the Department of Public Safety who have obtained certification from the Council on Law Enforcement Education and Training, the Oklahoma State Bureau of Investigation, the Oklahoma State Bureau of Narcotics and Dangerous Drugs Control and the Oklahoma Alcoholic Beverage Laws Enforcement Commission designated to perform duties in the investigation and prevention of crime and the enforcement of the criminal laws of this state.
Id. § 2-300(6) (emphasis added). At 2003 Okla. Sess. Laws ch. 456, § 1(6), this statute was amended to add criminalists of the OSBI as members of OLERS.
¶ 4 The Legislature established a date, known as the "normal retirement date" by which members may retire, and during the remainder of the member's lifetime, receive annual retirement pay. 2003 Okla. Sess. Laws ch. 3, § 33(A); 2003 Okla. Sess. Laws ch. 406, § 4(A) (amending 47 O.S. Supp. 2002, § 2-305[47-2-305](A)). A "normal retirement date" is specifically defined by statute. 2003 Okla. Sess. Laws ch. 456, § 1(7); 2003 Okla. Sess. Laws ch. 3, § 27(7) (amending 47 O.S. Supp. 2002, § 2-300[47-2-300](7)). At any time after attaining a normal retirement date, any member of the System may retire, and during the remainder of the member's lifetime receive annual retirement pay "payable in equal monthly payments, equal to two and one-half percent (2½%) of the final average salary times years of credited service." 2003 Okla. Sess. Laws. ch. 3, § 33(A); 2003 Okla. Sess. Laws. ch. 406, § 4(A) (amending 47 O.S. Supp. 2002, § 2-305[47-2-305](A)).
¶ 5 By the plain language of Section 2-302(A) of Title 47, it is apparent that the Legislature intended mandatory membership in OLERS for all those who qualify as members. The portion of the statute dealing with applications for membership reads:
 (A) Any person eligible to become a member of the System shall file a written application therefor with the Board, and shall continue thereafter as a member of the System so long as the employee meets membership requirements.
Id. (emphasis added). The administrative rules of OLERS also denote mandatory membership, providing at OAC 395:10-1-4(1) and (2) that, "[e]ach new member shall make written application for membership and said application shall be presented to the Board at the next meeting of the Board for approval," and that "[e]ach application for membership may be approved effective on the first (1 st) of the month following date of employment, so long as the applicant meets the qualifications for membership stated in 47 O.S. § 2-300[47-2-300], para. 6." Id. (emphasis added). Seealso A.G. Opin. 80-268, 450 (noting that the provisions of 47O.S. Supp. 1980, § 2-302[47-2-302], make membership mandatory for eligible members).
¶ 6 Upon retirement, benefits are to be paid in accordance with the provisions of Section 2-305.4 of Title 47, which subjects the benefits to the limitations of Section 415 of the Internal Revenue Code of 1986. 2003 Okla. Sess. Laws ch. 406, § 7(A) (amending 47 O.S. 2001, § 2-305.4[47-2-305.4](A); see 26 U.S.C. § 415.
 B. The Oklahoma Law Enforcement Deferred Option Plan
¶ 7 In 1990, the Legislature created a plan for those members of OLERS who chose to defer the receipt of benefits in accordance with the statutory provisions governing OLERS. 1990 Okla. Sess. Laws ch. 247, § 2. This plan, known as the Deferred Option Plan ("DROP"), allows an employee who is eligible to retire to continue working for up to five years, after which time the employee will start receiving retirement benefits. 2003 Okla. Sess. Laws ch. 343, § 2(C); 2003 Okla. Sess. Laws ch. 406, § 6(C); 2003 Okla. Sess. Laws ch. 456, § 2(C) (amending 47 O.S.2001, § 2-305.2[47-2-305.2](C)). Participation in this plan allows an employee to cease contributing to OLERS. 2003 Okla. Sess. Laws ch. 343, § 2(D); 2003 Okla. Sess. Laws ch. 406, § 6(D); 2003 Okla. Sess. Laws ch. 456, § 2(D) (amending 47 O.S. 2001, §2-305.2[47-2-305.2](D)). The employer's contributions continue to be paid and the monthly retirement benefits which would have been payable had the member elected to cease employment and receive a service retirement, are paid into the DROP account. Id.
¶ 8 Prior to the recent amendments in 2003, which will be discussed below, Section 2-305.2(A) of Title 47, governing participation in DROP, provided in part:
 In lieu of terminating employment and accepting a service retirement pension pursuant to Section 2-305 of Title 47 of the Oklahoma Statutes, any member of the Oklahoma Law Enforcement Retirement System who has not less than twenty (20) years of creditable service and who is eligible to receive a service retirement pension may elect to participate in the Oklahoma Law Enforcement Deferred Option Plan and defer the receipts of benefits in accordance with the provisions of this section.
Id. Regarding retirement, the pre-amended DROP statute at Section 2-305.2(C), provided: The duration of participation in the Oklahoma Law Enforcement Deferred Option Plan for a member shall not exceed five (5) years. At the conclusion of a member's participation in the Oklahoma Law Enforcement Deferred Option Plan, the member shall terminate employment with all state law enforcement agencies as an officer, and shall start receiving the member's accrued monthly retirement benefit from the System.
Id.
¶ 9 Upon retirement, a member who has participated in DROP may receive, at the option of the participant, a lump sum payment equal to the account balance of the participant, a lump sum payment payable to an annuity provided selected by the participant, or "[a]ny other method of payment if approved by the Board." 2003 Okla. Sess. Laws ch. 343, § 2(F)(3); 2003 Okla. Sess. Laws. ch. 406, § 6(F)(3); 2003 Okla. Sess. Laws. ch. 456, § 2(F)(3) (amending 47 O.S. 2001, § 2-305.2[47-2-305.2](F)(3)). The member also receives distributions of accrued monthly retirement benefits in accordance with Section 2-305(A).
 C. The Oklahoma Public Employees Retirement System
¶ 10 Another State retirement plan, the Oklahoma Public Employees Retirement System ("OPERS"), is provided for at 74 O.S. 2001 and Supp. 2002, §§ 901 through 943. Section 911(2) of Title 74 provides that any employee, other than a State elected official who is employed by a participating employer, shall be a member of OPERS "on the first day of the month immediately following employment." "Participating employer" is defined by Section 902(25) as "an eligible employer who has agreed to make contributions to the System on behalf of its employees[.]" 2003 Okla. Sess. Laws ch. 3, § 93(25). Subsection 13 defines "eligible employer" for purposes of OPERS as "the state and any county, county hospital, city or town, conservation districts, and any public or private trust in which a county, city or town participates and is the primary beneficiary is to be an eligible employer for the purpose of this act only, whose employees arecovered by Social Security and are not covered by or eligible foranother retirement plan authorized under the laws of this statewhich is in operation on the initial entry date." Id.
(emphasis added). That subsection further provides:
 (a) If a class or several classes of employees of any above-defined employers are covered by Social Security and are not covered by or eligible for and will not become eligible for another retirement plan authorized under the laws of this state, which is in operation on the effective date, such employer shall be deemed an eligible employer, but only with respect to that class or those classes of employees as defined in this section.
Id. Thus, membership in OPERS is intended for those employees who are not eligible to participate in other retirement plans authorized under Oklahoma law.
¶ 11 OPERS is governed by a Board of Trustees who are responsible for the policies and rules for the general administration of the system. 74 O.S. Supp. 2002, § 909[74-909](1). Generally, any member who retires on or after the member's normal retirement date shall be entitled to receive an annual retirement benefit equal to two percent (2%) of the member's final average compensation multiplied by the number of years of credited service. 2003 Okla. Sess. Laws. ch. 486, § 7(A)(1) (amending 74O.S. 2001, § 915[74-915](A)(1)). "Normal retirement date" and "retirement benefit" are specifically defined for purposes of OPERS. 2003 Okla. Sess. Laws. ch. 3, § 93(24), (29) (amending 74O.S. 2001, § 902[74-902](24), (29)).
 II.
2003 Legislative Amendments To The Statutes Governing OLERS AndTo The Statutes Pertaining To Directors Of The OSBI And The OBNDDAppointed On Or After July 1, 2003
¶ 12 During the 2003 legislative session, the Legislature enacted several significant amendments to the statutes governing participation in and payment of benefits by OLERS, both as to OLERS in general and as to participation in DROP. The Legislature also amended two specific statutes regarding the eligibility of any Director of the OSBI or the OBNDD appointed on or after July 1, 2003, to participate in either OLERS or OPERS.
 A. Amendment To 47 O.S. Supp. 2002, § 2-305(A) Governing The Payment Of Retirement Benefits Under OLERS .
¶ 13 A key provision of the statutes governing OLERS that impacts your questions, 47 O.S. Supp. 2002, § 2-305[47-2-305](A), was amended during the 2003 legislative session in House Bill 1816 and House Bill 1647. See 2003 Okla. Sess. Laws ch. 3, § 33(A); 2003 Okla. Sess. Laws ch. 406, § 4(A). Section 2-305 applies to those who are members of OLERS and now provides as follows:
 A. Expect as otherwise provided in this title, at any time after attaining normal retirement date, any member of the System upon application for unreduced retirement benefits made and approved, may retire, and, during the remainder of the member's lifetime, receive annual retirement pay, payable in equal monthly payments, equal to two and one-half percent (2½%) of the final average salary times years of credited service. If such retired member is reemployed by a state agency in a position which is not covered by the System, such retired member shall continue to receive in-service distributions from the System. Prior to September 19, 2002, if such retired member was reemployed by a state agency in a position which is covered by the System, such member shall continue to receive in-service distributions from the System and shall not accrue any further credited service. If such a member is reemployed by a state agency in a position which is covered by the System on or after September 19, 2002, such member's monthly retirement payments shall be suspended until such member retires and is not reemployed by a state agency in a position which is covered by the System.
2003 Okla. Sess. Laws ch. 406, § 4[2] (amending 47 O.S.2001,[3] § 2-305) (underlined language new). The administrative rules adopted by OLERS to further explain this statutory change provide as follows:
 (5) Retirement pursuant to 47 O.S. § 2-305[47-2-305], has at all times included reemployment of a member by a state agency in a position which is not covered by OLERS. Thus, in-service distributions from OLERS to such a member are permitted. Prior to September 19, 2002, if such member was reemployed by a state agency in a position which is covered by OLERS, such member will continue to receive in-service distributions from OLERS and will not accrue any further credited service. On and after September 19, 2002, if a retired member is reemployed by a state agency in a position which is covered by OLERS, such member's monthly retirement payments shall be suspended until such member retires and is not reemployed by a state agency in a position which is covered by OLERS.
OAC 395:10-1-4(5) (underlined language new).
 B. Amendments to 47 O.S. 2001, § 2-305.2(C) Governing Participation In DROP
¶ 14 Title 47 O.S. 2001, § 2-305.2[47-2-305.2](C), governing participation in DROP and reemployment of retired employees, was amended by three separate bills in the 2003 First Regular Session of the Forty-Ninth Legislature. See 2003 Okla. Sess. Laws ch. 343, § 2(C); 2003 Okla. Sess. Laws ch. 406, § 6(C); 2003 Okla. Sess. Laws ch. 456, § 2(C).
¶ 15 The Legislature amended Section 2-305.2(C) in 2003 Okla. Sess. Laws ch. 343, § 2(C), (Senate Bill 668), to read:
C. The duration of participation in the Oklahoma Law Enforcement Deferred Option Plan for a member shall not exceed five (5) years. Participation in the Oklahoma Law EnforcementDeferred Option Plan must begin the first day of a month and endon the last day of the month. At the conclusion of a member's participation in the Oklahoma Law Enforcement Deferred Option Plan, the member shall terminate employment with all state law enforcement agencies as an officer; and shall start receiving the member's accrued monthly retirement benefit from the System.Such a member may continue to receive in-service distributionsof such member's accrued monthly retirement benefit from theSystem if the member is reemployed by a state agency only if suchreemployment is in a position not covered under the System.
 Id. (underlined language new, strikeout language removed).
¶ 16 This provision was also amended during the 2003 legislative session in 2003 Okla. Sess. Laws ch. 406, § 6(C), (House Bill 1647). The amended portion provides:
C. The duration of participation in the Oklahoma Law Enforcement Deferred Option Plan for a member shall not exceed five (5) years. At the conclusion of a member's participation in the Oklahoma Law Enforcement Deferred Option Plan, the member shall terminate employment with all state law enforcement agencies as an officer, and shall start receiving the member's accrued monthly retirement benefit from the System. Such amember may continue to receive in-service distributions of suchmember's accrued monthly retirement benefit from the System ifthe member is reemployed by a state agency only if suchreemployment is in a position not covered under the System.
 Id. (underlined language new, strikeout language removed).
¶ 17 Section 2-305.2(C), was amended a third time in 2003 Okla. Sess. Laws ch. 456, § 2(C), (Senate Bill 281), to provide:
C. The duration of participation in the Oklahoma Law Enforcement Deferred Option Plan for a member shall not exceed five (5) years. At the conclusion of a member's participation in the Oklahoma Law Enforcement Deferred Option Plan, the member shall terminate employment with all state law enforcement agencies as an officer a member of the Oklahoma Law EnforcementRetirement System, and shall start receiving the member's accrued monthly retirement benefit from the System.
Id. (underlined language new, strikeout language removed).
¶ 18 Each bill contains an emergency clause, and Senate Bill 668 and House Bill 1647 state they shall become effective July 1, 2003. 2003 Okla. Sess. Laws ch. 343, § 3, 4; 2003 Okla. Sess. Laws ch. 406, § 20, 21; 2003 Okla. Sess. Laws ch. 456, § 4. Senate Bill 668 (2003 Okla. Sess. Laws ch. 343) was approved by the Governor May 29, 2003. Both House Bill 1647 (2003 Okla. Sess. Laws ch. 406) and Senate Bill 281 (2003 Okla. Sess. Laws ch. 456) were approved by the Governor on June 6, 2003. House Bill 1647 was approved at 12:08 a.m., and Senate Bill 281 was approved at 10:14 p.m. The effect of these amendments will be discussed in the context of the questions posed by your Opinion requests.
¶ 19 Amendments were also enacted to Section 2-305.2 in 2003 that allow members to participate in an alternative DROP. 2003 Okla. Sess. Laws ch. 343, § 2(H).[4] The amendment allows members to select a "back drop date" by which a member may select a date which is up to five years prior to the termination date, but not before the date at which the member completes twenty years of credited service. 2003 Okla. Sess. Laws ch. 343, § 2(H)(1)(a). At the termination date the member shall, upon application filed with the Board, be refunded from the fund an amount equal to the accumulated contributions the member made to the fund from the back drop date to the termination date, but excluding any interest. Id. The Legislature specifically stated with regard to this amended subsection of law that, "[s]uch termination has at all times included reemployment of a member by a state agency, but only in a position not covered under the System." 2003 Okla. Sess. Laws ch. 343, § 2(H)(2). The amendments creating this alternative DROP are not critical to the questions posed by your Opinion requests.
 C. The statutory Amendments To Titles 63 And 74 Regarding The Directors Of The OSBI And OBNDD
¶ 20 During the 2003 legislative session, the Legislature amended two specific statutes to provide that any Director of the OSBI and the OBNDD, appointed on or after July 1, 2003, shall be eligible to participate in either OLERS or OPERS, and shall make an irrevocable written election to participate in one of the two systems. 2003 Okla. Sess. Laws ch. 199, § 13(H) (amending 63O.S. 2001, § 2-103[63-2-103](H)); 2003 Okla. Sess. Laws ch. 199, § 14(B) (amending 74 O.S. 2001, § 150.6[74-150.6](B)).
¶ 21 The Legislature amended 63 O.S. 2001, § 2-103[63-2-103] in Senate Bill 673, to provide that "[a]ny Director [of the OBNDD] appointed on or after July 1, 2003, shall be eligible to participate in either the Oklahoma Public Employees Retirement System or in the Oklahoma Law Enforcement Retirement System and shall make an irrevocable election in writing to participate in one of the two retirement systems." 2003 Okla. Sess. Laws ch. 199, § 13(H) (amending 63 O.S. 2001, § 2-103[63-2-103](H)).
¶ 22 The Legislature also amended 74 O.S. 2001, § 150.6[74-150.6] by adding that "[a]ny Director [of the OSBI] appointed on or after July 1, 2003, may participate in either the Oklahoma Public Employees Retirement System or in the Oklahoma Law Enforcement Retirement System and shall make an irrevocable election in writing to participate in one of the two retirement systems." 2003 Okla. Sess. Laws ch. 199, § 14(B) (amending 74 O.S. 2001, §150.6[74-150.6](B)).
¶ 23 One may question whether such laws constitute special legislation in violation of Oklahoma Constitution Article 5, Section 59 which provides that, "[l]aws of a general nature shall have a uniform operation throughout the State, and where a general law can be made applicable, no special law shall be enacted." Id. "Special laws are those which single out less than an entire class of similarly affected persons or things for different treatment." Reynolds v. Porter, 760 P.2d 816, 822
(Okla. 1988). These amendments do not apply to only specific Directors, but to any Director of the OSBI or the OBNDD appointed on or after July 1, 2003.[5] 2003 Okla. Sess. Laws ch. 199, § 13(H) (amending 63 O.S. 2001, § 2-103[63-2-103](H)); 2003 Okla. Sess. Laws ch. 199, § 14(B) (amending 74 O.S. 2001, §150.6[74-150.6](B)). Therefore, these statutory amendments do not run afoul of the constitutional prohibition against special legislation.
 III. An Application Of The 2003 Statutory Amendments To Questions Regarding Participation On OLERS And The Payment Of Retirement Benefits upon Reemployment
¶ 24 Having established the framework, we now apply the statutory amendments to the questions posed by your Opinion requests. Your questions concern various situations where those who have been members of OLERS, either with or without participation in DROP, retire and are reemployed by State agencies in positions which may or may not be covered by OLERS. Your questions specifically relate to eligibility for reemployment, and the payment of retirement benefits to Directors of the OSBI and the OBNDD, who are appointed on or after July 1, 2003.
 1. Are Directors of the Oklahoma State Bureau of Investigation ("OSBI") and the Oklahoma Bureau of Narcotics and Dangerous Drugs Control ("OBNDD") "covered positions" under the Oklahoma Law Enforcement Retirement System ("OLERS") pursuant to 47 O.S. 2001, and Supp. 2002, §§ 2-300 through 2-314, such that these Directors are required to be a part of OLERS if reemployed by the OSBI or OBNDD on or after July 1, 2003 ?
¶ 25 You first ask whether Directors of the OSBI and the OBNDD appointed on or after July 1, 2003, are "covered positions" under the statutes governing membership in OLERS. The phrase "covered position under the System" is significant as it is referenced in two provisions amending the OLERS statutes. In the statute governing participation in DROP, Section 2-305.2(C), the amendment states that a member of OLERS who has participated in DROP "may continue to receive in-service distributions of such member's accrued monthly retirement benefit . . . if the member is reemployed by a state agency only if such reemployment is in a position not covered under the System." 2003 Okla. Sess. Laws ch. 343, § 2(C); 2003 Okla. Sess. Laws ch. 406, § 6(C) (amending 47O.S. 2001, § 2-305.2[47-2-305.2](C)).[6] In governing the payment of monthly retirement benefits from OLERS, the phrase "a position which is not covered by the System" is significant as it determines whether those who are reemployed at certain times may continue to receive monthly retirement payments upon reemployment. 2003 Okla. Sess. Laws ch. 406, § 4(A) (amending 47O.S. 2001, § 2-305[47-2-305](A)).[7] Thus, a determination of whether these positions are "covered positions" under OLERS is critical to an analysis of each of the questions asked.
¶ 26 Generally, State employees are eligible to be covered by only one retirement plan. Individuals who are covered by or eligible for another retirement plan may not be a part of OPERS, as an "eligible employer" under OPERS is defined to include an employer whose employees or classes of employees are not covered by or eligible for another retirement plan authorized under State law. 2003 Okla. Sess. Laws ch. 3 § 93(13) (amending 74 O.S.Supp. 2002, § 902[74-902](13)). OLERS members are defined as all law enforcement officers of certain agencies, including law enforcement officers and criminalists of the OSBI and law enforcement officers of the OBNDD who are "designated to perform duties in the investigation and prevention of crime and the enforcement of the criminal laws of this state." 2003 Okla. Sess. Laws ch. 456, § 1(6); 2003 Okla. Sess. Laws ch. 406, § 3(6); 2003 Okla. Sess. Laws ch. 3, § 27(6) (amending 47 O.S. Supp. 2002, § 300[47-300](6)).
¶ 27 The 2003 amendments to the OSBI and OBNDD statutes provide that any Director of these agencies appointed on or after July 1, 2003, shall be eligible to participate in either OLERS or OPERS. 2003 Okla. Sess. Laws ch. 199, § 13(H) (amending 63 O.S. 2001, §2-103[63-2-103](H)); 2003 Okla. Sess. Laws ch. 199, § 14(B) (amending 74O.S. 2001, § 150.6[74-150.6](B)). By these specific amendments, the Legislature manifested its clear intent to allow for an exception to the general rule in the instances of the Directors of these two State agencies. We need not determine whether the Directors of the OSBI or the OBNDD, appointed on or after July 1, 2003, meet the statutory definitions for membership under OLERS, as they have been expressly given the option of electing to participate in either OLERS or OPERS, and are "covered positions" only under the particular system in which they choose to participate. While they are subject to being covered under either system, because of the statutory amendments they may only actively participate in one, and are only covered under the particular system in which they irrevocably elect in writing to participate.
¶ 28 While membership in OLERS by eligible employees is mandatory under Section 2-300(6), through the amendments to Titles 63 and 74, the Legislature clearly intended that newly-appointed Directors to the OSBI and the OBNDD be allowed to be a part of either OLERS or OPERS. Therefore, in answer to your first question, because of the specific statutory amendments, Directors of the OSBI and the OBNDD, appointed on or after July 1, 2003, are not required to be members of OLERS, but may, as the amended statutes state, participate in either OPERS or OLERS. These Directors are only covered by the System in which they irrevocably choose in writing to participate.
 2. May an individual who has retired after having participated in the Deferred Option Plan ("DROP") of OLERS pursuant to 47 O.S. 2001, § 2-305.2, be reemployed in an OLERS-covered position, or is he or she required to terminate employment upon retirement and begin collecting accrued retirement benefits?
¶ 29 You next ask whether an individual who has retired after having participated in the DROP of OLERS may be reemployed in an OLERS-covered position, or if he or she is required to terminate employment and begin collecting accrued retirement benefits. The statute governing your question, 47 O.S. 2001, § 2-305.2[47-2-305.2](C), was amended in three separate bills during the 2003 legislative session. 2003 Okla. Sess. Laws ch. 343, § 2(C); 2003 Okla. Sess. Laws ch. 406, § 6(C); 2003 Okla. Sess. Laws ch. 456, § 2(C).
¶ 30 Although the rules of statutory construction governing the situation where two acts covering the same subject matter are amended during a legislative session are clear, there is limited case law authority addressing the proper rule of construction when the same statute is amended more than once during the same legislative session. We begin with the acknowledgment that the overriding rule of statutory construction is to ascertain and give intent to the will of the Legislature. Kratz v. Kratz,905 P.2d 753, 755 (Okla. 1995). The general rule is that statutes are to be "construed in such manner as to reconcile the different provisions and render them consistent and harmonious, and give intelligent effect to each." Eason Oil Co. v. Corp.Comm'n, 535 P.2d 283, 286 (Okla. 1975). See also AMFTubescope Co. v. Hatchel, 547 P.2d 374, 379 (Okla. 1976) ("When two acts, or parts of acts, are susceptible of construction which will give effect to both without doing violence to either, this construction should be adopted in preference to one which leads to a conclusion that there is a conflict.").
¶ 31 The Oklahoma Supreme Court recently discussed the specific issue of the same statute being amended twice in the same session. Tubbs v. State ex rel. Teachers' Ret. Sys.,57 P.3d 571, 577-78 (Okla. 2002). In Tubbs, a 1988 statute was amended twice during the same legislative session with one version omitting language contained in the other. The 1999 version of the statute incorporated changes made by both of the 1988 amendments. Although the court did not have to resolve the issue of which 1988 version controlled because of the subsequent amendment, the court stated that "[g]enerally, the latest enactment in point of time will ordinarily prevail, but in construing statutes passed at the same session of the Legislature, and at nearly the same time, there is a strong presumption against implied repeals."Id. at 577 n. 10 (citing In re Adoption of Lewis,380 P.2d 697, 700 (Okla. 1963)); see also Okla. Ass'n of MunicipalAttorneys v. State, 577 P.2d 1310, 1315 (Okla. 1978) ("When construing statutes passed at the same session of the Legislature and at nearly the same time, there is a strong presumption against implied repeal of one statute by the other.").
¶ 32 Other states have also held that absent a conflict, two statutes which have been amended by separate acts of the Legislature during the same session are to be construed together, if possible, so as to give effect to each. Copeland Lumber Co.v. Wilkins, 454 P.2d 821, 822-23 (Wash. 1969); People ex rel.Dickey v. S. Ry. Co., 162 N.E.2d 417, 420 (Ill. 1959); Hiltonv. Hilton, 451 So.2d 90, 93 (La.Ct.App. 1984).
¶ 33 Applying this authority, we harmonize the three amendments to ascertain the intent of the Legislature. The amendment to Senate Bill 281 provides that "the member shall terminate employment with all state law enforcement agencies as a memberof the Oklahoma Law Enforcement Retirement System, and shall start receiving the member's accrued monthly retirement benefit from the System." 2003 Okla. Sess. Laws ch. 456, § 2(C) (amending47 O.S. 2001, § 2-305.2[47-2-305.2](C)) (emphasis added). This language amended the prior statute which read that "the member shall terminate employment with all state law enforcement agencies as an officer," signifying an intent that individuals who have participated in DROP may be reemployed as law enforcement officers in positions which are not covered by OLERS, but may not be reemployed in positions covered by OLERS.
¶ 34 The other two amendments, Senate Bill 668 and House Bill 1647, provide that the member "shall terminate employment and shall start receiving the member's accrued monthly retirement benefit from the System." 2003 Okla. Sess. Laws ch. 343, § 2(C); 2003 Okla. Sess. Laws ch. 406, § 6(C) (amending 47 O.S. 2001, §2-305.2[47-2-305.2](C)). These bills then specifically address reemployment, providing that "[s]uch a member may continue to receive in-service distributions of such member's accrued monthly retirement benefit from the System if the member is reemployed by a state agency only if such reemployment is in a position not covered under the System." Id.
¶ 35 Although the three amendments contain different language, they are not inconsistent and may be easily harmonized by finding that a member who has participated in DROP must terminate employment with OLERS, and may not be reemployed in an OLERS-covered position. A member may receive in-service distributions of the member's accrued monthly retirement benefit from OLERS only if the member is reemployed in a position not covered under OLERS. This interpretation takes into account the intent of the Legislature in enacting Senate Bill 281, by requiring that a member who has participated in DROP may not return to an OLERS-covered position. It also recognizes the intent of the Legislature in enacting House Bill 1647 and Senate Bill 668 that DROP participants must terminate employment, and that the only members who may continue to receive in-service distributions of their monthly accrued retirement benefits are those who return to employment in positions not covered by OLERS.
¶ 36 Each of the amended provisions governing retirement after the DROP participation contains an express provision that, "the member shall terminate employment [with all state law enforcement agencies as a member of the Oklahoma Law Enforcement Retirement System] and shall start receiving the member's accrued monthly retirement benefit from the System." 2003 Okla. Sess. Laws ch. 343, § 2(C); 2003 Okla. Sess. Laws ch. 406, § 6(C); 2003 Okla. Sess. Laws 456, § 2(C) (amending 47 O.S. 2001,§ 2-305.2[47-2-305.2](C)) (emphasis added). The use of the term "shall" signifies a mandatory directive or command. Grimes v. City ofOklahoma City, 49 P.3d 719, 724 (Okla. 2002). Two of the amended provisions of the DROP statute further provide that a member may continue to receive in-service distributions of such member's accrued monthly retirement benefit only if such reemployment is in a position not covered by the System. 2003 Okla. Sess. Laws ch. 343, § 2(C); 2003 Okla. Sess. Laws ch. 406, § 6(C) (amending 47 O.S. 2001, § 2-305.2[47-2-305.2](C)). If retired members were allowed to be reemployed in an OLERS-covered position they could not continue to receive monthly retirement benefits, an act which those who retire after participating in DROP are mandated by statute to do. Id. Therefore, the interpretation which gives effect to all three amendments is that a DROP participant cannot be reemployed in an OLERS-covered position.
¶ 37 The administrative rules passed by the Board effective May 12, 2003, reflect this same principle. OAC 395:10-1-11(f)(7), which governs the Deferred Option Plan, provides:
 (7) At the conclusion of a member's participation in the OLERS Deferred Option Plan, the member must terminate employment and shall start receiving the member's accrued monthly retirement benefit from OLERS. Such termination has at all times included reemployment of a member by a state agency but only in a position not covered under OLERS. Thus, such a member would receive in-service distributions of such member's accrued monthly retirement benefit from OLERS.
Id.
¶ 38 The OLERS Board passed a resolution on June 19, 2003, reaffirming its position that an employee who terminates employment pursuant to DROP or the new alternative "Back DROP" shall not be eligible for active participation in the System.[8]
¶ 39 This interpretation is also consistent with contracts entered into by DROP participants which provide that at the conclusion of participation in the plan, the employee shall "terminate employment with all participating agencies as an officer" and shall begin accruing monthly retirement benefits.See footnote 7. The language in the contracts is taken from the pre-amended version of 47 O.S. 2001, § 2-305.2[47-2-305.2] as the same statutory language is used, but the intent is clear that the OLERS members who choose to obtain the benefits of participating in DROP may not be reemployed in OLERS-covered positions.
¶ 40 Therefore, in answer to your second question, a member of OLERS who has participated in DROP may not be reemployed in an OLERS-covered position.
 3. Pursuant to 2003 Okla. Sess. Laws ch. 199, §§ 13 and 14, may a Director of the OSBI or the OBNDD who is appointed on or after July 1, 2003, who previously retired after having participated in DROP, be reemployed in an OLERS-covered position and participate in the OLERS system again after such retirement?
¶ 41 Next, you ask whether a Director of the OSBI or the OBNDD who had participated in OLERS and retired after participating in DROP may be reemployed in an OLERS-covered position and be able to participate in OLERS again if reemployed. As discussed above, the general law is that those who have retired from OLERS, after having participated in DROP, may not be reemployed in an OLERS-covered position. Your question requires a determination of whether the Legislature, by its 2003 amendments, intended for an exception to be made with regard to Directors of the OSBI and the OBNDD who are appointed on or after July 1, 2003. 2003 Okla. Sess. Laws ch. 199, § 13(H) (amending 63 O.S. 2001, §2-103[63-2-103](H)); 2003 Okla. Sess. Laws ch. 199, § 14(B) (amending 74O.S. 2001, § 150.6[74-150.6](B)).
¶ 42 The Legislature specifically provided by the amendments to Titles 63 and 74 that Directors of the OSBI and the OBNDD appointed on or after July 1, 2003, shall be eligible to participate in either OLERS or OPERS upon reemployment. These Directors may fall into several categories. They may be persons who have participated in OLERS, but not in DROP, persons who have participated in DROP, persons who have participated in another State retirement system such as OPERS or the Oklahoma Police Pension or Retirement system, or persons who do not have prior State service and have not participated in any State retirement system.
¶ 43 These statutes should not be considered in isolation, but must be considered in conjunction with other relevant statutes to determine legislative intent. See Naylor v. Petuskey,834 P.3d 439, 441 (Okla. 1992) ("[a]ny doubt as to purpose or intent of a statute may be resolved by resort to other statutes relating to the same subject matter."). The other statutes discussed above, namely, Section 2-305(A) and Section 2-305.2, as amended, specifically govern the payment of retirement benefits for those who have had previous participation in OLERS, including DROP participants. The newly-amended statutes in Titles 63 and 74 governing retirement participation for Directors of the OSBI and the OBNDD who are appointed on or after July 1, 2003, do not address the specific situation where a newly-appointed Director may have been a DROP participant. See 2003 Okla. Sess. Laws ch. 199, § 13(H) (amending 63 O.S. 2001, § 2-103[63-2-103](H)); 2003 Okla. Sess. Laws ch. 199, § 14(B) (amending 74 O.S. 2001, §150.6[74-150.6](B)). Thus, we must look to the specific DROP statute to determine eligibility for reemployment. As discussed above, that statute provides that those who have retired after having participated in DROP may not be reemployed in an OLERS-covered position.
¶ 44 Had the Legislature intended for the Directors of the OSBI and the OBNDD who are appointed on or after July 1, 2003, to be reemployed in an OLERS-covered position after participation in DROP, an amendment could have been enacted which said just that. "[L]egislative silence, when it has authority to speak, may be considered as giving rise to an implication of legislative intent." City of Duncan v. Bingham, 394 P.2d 456, 460 (Okla. 1964). The Legislature spoke clearly when it allowed those in these future Director positions to participate in either retirement system, but did not make an exception for those Directors who had been a member of DROP to be a part of OLERS upon reemployment.[9] Thus, the DROP rules apply, and Directors of these two agencies who have participated in DROP may not, upon reemployment, participate in OLERS.
¶ 45 You asked whether the reemployment in an OLERS-covered position of a Director of the OSBI or the OBNDD appointed on or after July 1, 2003, who was a member of OLERS but retired after participating in DROP, requires the suspension of the individual's monthly retirement benefit payment until such time as the Director is not reemployed in a position covered under OLERS. As we have determined that these Directors may not be reemployed in an OLERS-covered position, this question becomes moot. These Directors must elect to participate in OPERS upon reemployment, and there is no requirement that OLERS benefits be suspended when a member participates in OPERS upon reemployment.
¶ 46 Your question of whether these individuals forfeit their lump-sum payments paid upon retirement from DROP if reemployed in an OLERS-covered position also becomes moot, as individuals who have participated in DROP may not be reemployed in an OLERS-covered position. Directors who choose to participate in OPERS upon reemployment are not required to forfeit any lump-sum distributions they may have received upon retirement after participating in DROP.
 4. If a Director of the OSBI or the OBNDD appointed on or after July 1, 2003, who was a member of OLERS but retired without participating in DROP, becomes reemployed by the OSBI or the OBNDD and elects to participate in OLERS, does that reemployment require the suspension of the individual's monthly retirement benefit payment by OLERS until such time as the individual is not reemployed in a position covered under OLERS?
¶ 47 You also ask whether Directors of the OSBI or the OBNDD who become reemployed in positions covered under OLERS on or after July 1, 2003, but who did not participate in DROP, may be reemployed and be allowed to participate in OLERS upon their reemployment, and whether suspension of their monthly retirement benefit payments is required. The controlling statute is Section 2-305(A)) of Title 47, which governs participation in OLERS in general and provides for three classes of retirees: (1) those reemployed by a state agency in a position which is not covered by OLERS; (2) those who, prior to September 19, 2002, were reemployed by a State agency in a position which is covered by OLERS; and (3) those who were reemployed on or after September 19, 2002, in a position covered by OLERS. 2003 Okla. Sess. Laws ch. 406, § 4(A)[10] (amending 47 O.S. Supp. 2002, §2-305[47-2-305](A)). This statute makes a distinction with regard to receipt of in-service distributions as to each group of retirees. It provides that those employed in a position not covered by OLERS and those who were reemployed prior to September 19, 2002, in a position which was not covered by OLERS may continue to receive in-service distributions. Id. Those employed prior to September 19, 2002, shall not accrue any further credited service. Those reemployed on or after September 19, 2002, in a position covered by OLERS may not continue to receive in-service distributions.
¶ 48 As we discussed above, Directors of the OSBI and the OBNDD appointed on or after July 1, 2003, may elect to participate in either OLERS or OPERS, and are covered only by the position in which they elect in writing to participate. Thus, to answer your question, if a Director of the OSBI or OBNDD, who retires from OLERS without participating in DROP, becomes reemployed and chooses to participate in OLERS, his or her monthly retirement benefits shall be suspended until such time as he or she retires and is not reemployed by a State agency in a position which is covered by OLERS.
 5. If a Director of the OSBI or the OBNDD who was a member of OLERS but retired without participating in DROP, becomes reemployed by the OSBI or the OBNDD and elects to participate in OPERS, does that reemployment require the suspension of the individual's monthly retirement benefit payment by OLERS?
¶ 49 You last ask whether a Director of the OSBI or the OBNDD who retires without having participated in DROP, becomes reemployed by the OSBI or the OBNDD on or after July 1, 2003, and elects to participate in OPERS upon reemployment may continue to receive in-service distributions of his or her monthly retirement payments. The controlling statute is Section 2-305(A) of Title 47. As discussed above, that statute provides that members who are reemployed by a State agency in a position which is not covered by the System shall continue to receive in-service distributions from the System. 2003 Okla. Sess. Laws ch. 406, § 4(A) (amending 47 O.S. 2001, § 2-305[47-2-305](A)).[11]
¶ 50 Therefore, if a Director of the OSBI or the OBNDD appointed on or after July 1, 2003, who had retired from OLERS and not participated in DROP becomes reemployed and chooses to participate in OPERS, he or she may continue to receive monthly retirement payments from OLERS, because he or she is not in a position covered by the System.
¶ 51 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Directors of the Oklahoma State Bureau of Investigation ("OSBI") and the Oklahoma Bureau of Narcotics and Dangerous Drugs Control ("OBNDD") appointed on or after July 1, 2003, are covered positions under the Oklahoma Law Enforcement Retirement System ("OLERS"), 47 O.S. 2001 and Supp. 2002, §§ 2-300 through 2-314, as amended, only if these Directors elect to participate in OLERS upon reemployment.
 2. An individual who has retired after having participated in the Deferred Option Plan ("DROP") of OLERS pursuant to Section 2-305.2, as amended,[12] may not be reemployed in an OLERS-covered position after terminating employment and collecting in-service distributions.
 3. A Director of the OSBI or the OBNDD appointed on or after July 1, 2003, who had previously participated in OLERS and retired after having participated in DROP pursuant to Section 2-305.2, as amended,[13] may not elect to participate in OLERS after terminating employment and collecting in-service distributions, but may be reemployed and participate in OPERS.
 4. If a Director of the OSBI or the OBNDD appointed on or after July 1, 2003, who was a member of OLERS but retired without participating in DROP in accordance with Section 2-305.2, as amended,[14] elects to participate in OLERS upon reemployment, that reemployment requires the suspension of the individual's monthly retirement benefit payment by OLERS.
 5. If a Director of the OSBI or the OBNDD appointed on or after July 1, 2003, who was a member of OLERS but retired without participating in DROP, becomes reemployed and elects to participate in OPERS pursuant to Section 2-305(A), as amended,[15] that reemployment does not require the suspension of the individual's monthly retirement benefit payment by OLERS, as he or she is not in a position covered by OLERS.
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 SANDRA D. RINEHART Senior Assistant Attorney General
[1] See 2003 Okla. Sess. Laws ch. 343, § 2; 2003 Okla. Sess. Laws ch. 406, § 6; 2003 Okla. Sess. Laws ch. 456, § 2 (amending47 O.S. 2001, § 2-305.2[47-2-305.2]). These amendments will be discussed later in this Opinion.
[2] The amendments in 2003 Okla. Sess. Laws ch. 3, § 33 did not amend subsection A.
[3] This is an apparent scrivener's error in the 2003 Session Laws, because section 2-305 was last amended in the 2002 supplement.
[4] See 2003 Okla. Sess. Laws ch. 406, § 6(H) and 2003 Okla. Sess. Laws ch. 456, § 2(H) (amending 47 O.S. 2001, §2-305.2[47-2-305.2](H)). The amendments are not germane here.
[5] We would note here the Legislature also amended 47 O.S. Supp. 2002, § 2-102[47-2-102](C) in Senate Bill 673, (2003 Okla. Sess. Laws ch. 199, § 5(C)), to provide that the "Commissioner of Public Safety shall be eligible to participate" in either OPERS or OLERS, and "shall make an irrevocable election in writing to participate in one of the two retirement systems." Id.
[6] See also 2003 Okla. Sess. Laws ch. 456, § 2(C) (amending47 O.S. 2001, § 2-305.2[47-2-305.2](C)). The amendment is not germane here.
[7] See also 2003 Okla. Sess. Laws ch. 3, § 33(A) (amending47 O.S. 2001, § 2-305[47-2-305](A)). The amendment is not germane here.
[8] Attachment C to letter from Marc Edwards, Attorney at Law for the Oklahoma Law Enforcement Retirement System, to Attorney General W.A. Drew Edmondson (July 25, 2003) (on file with the Oklahoma Attorney General's office).
[9] We are aware of 74 O.S. Supp. 2002, § 150.8[74-150.8](F) which states that, "[a]ppointment to any position in the State Bureau of Investigation shall not jeopardize the rights of any person under any other system under which peace officers of this state or its subdivisions may become pensioned, provided that the individual contributions are continued as if such person were in the original organization within which the person qualified for such pension." This statute has been construed to allow individuals who become employed by the OSBI to maintain their membership in their former retirement plans. See A.G. Opin. 95-85, 216 (former municipal police officer hired as an agent with the OSBI may remain a contributing member of the Oklahoma Police Pension and Retirement System). This statute is not applicable to the situations presented here, where the questions do not concern the rights of individuals who have been a part of another retirement system prior to their appointment.
[10] This statute was also amended in 2003 Okla. Sess. Laws ch. 3, § 33(A), however, it is not germane here.
[11] The amendments in 2003 Okla. Sess. Laws ch. 3, § 33 (amending 47 O.S. Supp. 2002, § 2-305[47-2-305]) did not amend subsection A.
[12] See 2003 Okla. Sess. Laws ch. 343, § 2; 2003 Okla. Sess. Laws ch. 406, § 6; 2003 Okla. Sess. Laws ch. 456, § 2 (amending47 O.S. 2001, § 2-305.2[47-2-305.2])
[13] See footnote 12.
[14] See footnote 12.
[15] 2003 Okla. Sess. Laws ch. 406, § 4(A)[16]
 [16] This statute was also amended in 2003 Okla. Sess. Laws ch. 3, § 33(A), however, it is not germane here.